Astlett Estate

*Karl A. Wagner* and *John F. Finan*, for petitioner.
*Roger A. Woltjen, Robert J. Kayton* and *Charles B. Hochberg*, for contestant.

DAVIS, P. J., March 30, 1960.—Harry A. Astlett, 2nd, is contesting the will of his father, Hugh G. Astlett, deceased. The petition for citation duly filed avers in paragraph six as follows:

"That decedent was, at the time of the execution of the aforesaid writing and at the time of his death, in a weakened physical and mental condition as the result of chronic cirrhosis of liver, chronic alcoholism, avitamosis, acidosis, malnutrition and jaundice; that the said Marguerite C. Astlett, who, prior to her marriage to decedent on June 23, 1952, was known as Marguerite C. Humbert, and decedent had for many years prior to their marriage in 1952 as aforesaid, lived and cohabited together illicitly and meretriciously, there arising out of said cohabitation a confidential relationship between decedent and said Marguerite C. Humbert which continued after their marriage and until his death; and that the said Marguerite C. Hum-

bert, taking advantage of the said confidential relationship and of the dependency of decedent upon her and of his weakened physical and mental condition, improperly, through the use of undue influence, duress and constraint practiced upon decedent, forced, coerced and improperly prevailed upon decedent to disinherit your petitioner, the natural object of decedent's bounty, in favor of the said Marguerite C. Astlett."

A citation was awarded to show cause why an issue should not be directed to try by a jury the following questions of fact:

"1. Whether or not decedent and the said Marguerite C. Astlett, nee Humbert, lived and cohabited together in an illicit and meretricious relationship for many years prior to their marriage on June 23, 1952;

"2. Whether or not at the time of execution of said writing decedent was a person of sound mind;

"3. Whether or not the said writing was procured by undue influence, duress and constraint practiced upon decedent by the said Marguerite C. Astlett;

"4. Whether or not, as a result of the pre-existing illicit and meretricious relationship between decedent and Marguerite C. Astlett, a confidential relationship existed between decedent and the said Marguerite C. Astlett at the time of the execution of the said writing."

Subsequently, pursuant to petition, the court entered an order that the deposition of Marguerite C. Astlett be taken by oral examination for discovery purposes in relation to the four questions of fact hereinabove set forth. Whereupon Marguerite C. Astlett moved for a protective order under Pa. R. C. P. 4012(a) (4) and moved the court to make an order that assuming, but not admitting, that if the surviving spouse, Marguerite C. Astlett, and decedent lived and cohabited together in any illicit or meretricious relationship for years prior to the marriage on June

4

23, 1952, that no evidence nor questions or testimony concerning the same shall be inquired into, the same being irrelevant, incompetent and immaterial.

The pleadings disclose that decedent, Hugh G. Astlett, married Marguerite C. Astlett June 23, 1952, made and executed his will June 5, 1954, and died April 17, 1958.

Pa. R. C. P. 4007(a) governs the scope of examination of depositions for the purpose of discovery.

The rule provides, in so far as applicable, as follows:

". . . the deponent may also be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings or the preparation or trial of the case."

The rule prohibits discovery of facts "which are not relevant and material to the subject matter of the pending action" rather than the issues in the case as they may be finally determined: Brecht v. City of Philadelphia, 81 D. & C. 130, 132.

Whether or not a meretricious relationship existing between decedent and petitioner two years prior to the execution of the will would be relevant in regard to the matter of confidential relationship and undue influence cannot be determined at this stage of the proceeding. It certainly is conceivable that a meretricious relationship existing as aforesaid might be relevant and competent testimony. This being the case, discovery must be allowed: Newcomer v. United Gas Improvement Company, 9 Cumberland 1; Minichino v. Borough of Quakertown, 88 D. & C. 83; 4 Goodrich-Amram, Procedural Rules Service, §4007(a)-18.

If the information obtained in this proceeding is not relevant, it will be excluded on the trial of the case and petitioner will not be harmed. However, if contestant is restrained from obtaining this information and it develops at the trial that it is relevant, then

contestant would have received irreparable injury. The motion for protective order will be denied.

*Order*

And now, March 30, 1960, motion for protective order pursuant to Pa. R. C. P. 4012($a$) (4) is denied and it is further ordered and directed that depositions be taken in accordance with the order entered in the within case on December 30, 1959, upon five days notice to Karl A. Wagner and John F. Finan, Esqs., attorneys for deponent, Marguerite C. Astlett.